`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00571-RJC
(3:11-cr-00337-RJC-11)

| | |
|---|---|
| **MARVIN RAY WILBURN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Judgment Entered on January 26, 2017 Under Fed. R. Civ. P. 60(b)." [CV Doc. 17].[1] For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court, therefore, denies the motion.

**I.      BACKGROUND**

In 2013, Petitioner Marvin Ray Wilburn ("Petitioner") was indicted for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Two); and possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). [CR Doc. 288: Third Superseding Indictment]. Petitioner pleaded guilty to Count Two in exchange for dismissal of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00571-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:11-cr-00337-RJC-11.

Counts One and Three. [CR Doc. 325: Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 130 months. [CR Doc. 486 at 14-15: Sentencing Tr.]. The Fourth Circuit affirmed Petitioner's conviction and sentence on appeal. United States v. Wilburn, 596 Fed. App'x 241, 242 (4th Cir. 2015), cert. denied, 136 S. Ct. 263 (2015).

On July 26, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. In this motion, Petitioner argued that he received ineffective assistance of counsel because his trial counsel: (1) failed to challenge the sufficiency of the indictment; (2) negotiated a plea agreement containing a forfeiture clause; (3) counseled Petitioner to accept a plea that allowed the Government to defer the factual basis until sentencing; and (4) failed to challenge the firearm sentencing enhancement. [Id.]. Petitioner also challenged the calculation of his criminal history. [Id.]. This Court denied and dismissed Petitioner's motion to vacate on the merits. [CV Doc. 10]. Petitioner unsuccessfully appealed this Court's denial of his motion to vacate. [CV Docs. 12, 15].

On November 28, 2017, Petitioner filed the instant motion, which the Court construes as a successive motion to vacate under 28 U.S.C. § 2255. [CV Doc. 17]. In the instant motion, Petitioner argues he is entitled to relief under Rule 60(b)(1), (4), and (6) of the Federal Rules of Civil Procedure. He contends that his motion is not an unauthorized, successive petition because he is "attack[ing] only a defect in the integrity of the federal habeas proceedings." [CV Doc. 17 at 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary

2

from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Petitioner purports to seek relief under Federal Rule of Civil Procedure 60(b).[2] [See Doc. 17]. Where a petitioner seeks relief from a judgment under Rule 60(b), courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). Regarding Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.

Here, although Petitioner purports to "attack only a defect in the integrity of the federal habeas proceedings," it again attacks Petitioner's criminal conviction. Petitioner claims that the

---

[2] Rule 60(b) allows relief from judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud …, misrepresentation, or misconduct by an opposing part;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

3

Court made a "series of mistakes" and asks the Court to reconsider legal issues decided with Petitioner's original motion to vacate. Rule 60(b) does not authorize such a motion. United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982); United States v. Vassell, 22 Fed. App'x 193, 194 (2001) ("When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind, relief is not authorized.").

As such, because Plaintiff again attacks his criminal conviction, Petitioner's motion must be construed as a § 2255 motion to vacate, notwithstanding its caption. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Everette v. United States, No. 5:04-cv-358, 2012 WL 4486107, at *2-3 (E.D.N.C. Sept. 28, 2012); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition). Since Petitioner has already filed a motion under § 2255 and this Court has adjudicated the motion on the merits, Petitioner's instant motion is a "second or successive" motion under § 2255. Winestock, 340 F.3d at 206.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain

authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's motion [Doc. 17] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 6, 2020

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge